TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 1
DATE: 07/21/2019 07:47:07 PM

## 19 CV 6991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Robert Pizarro

       Plaintiff,

   -against-

UNITED STATES OF AMERICA, INC., et al.
Margaret Graham, AUSA
Jessica Fender, AUSA
Jared Lenow, AUSA
Jason Swergold, AUSA
Elizabeth E. Macedonio, Defense Attorney
Louis M. Freeman, Defense Attorney
Carla M. Sanderson, Defense Attorney
Joseph Mercurio, DEA Agent
Gerald Ricciardi, DEA Agent
Hector Pagan, DEA Agent
Mike McGurk, DEA Agent
Christian McNeal, DEA Agent
Nicholas DeAmorin, DEA Agent
Chris Owen, DEA Agent
Billy Ralat, Investigator
Rapheal Torres, Investigator
Hanna Harney, AUSA Paralegal
CITY OF NEW YORK, INC., et al.
John Baumeister, Det. 47th Precinct
James Nonnon, 49th Precinct Det. Supervisor
Vonnavowsky Sanchez, P.O. 49th Precinct
Lesroy Parry, Det. 49th Precinct, Print reviewer
Cristina Pires, P.O. Forensic
Eric Rivera, Det. 49th Precinct
Matthew Noftsier, Det. Crime Scene Unit
Marleen Scarry, Det. Crime Scene Unit
Arthur Connolly, Det. Investigatory Latent Print #4318
Brendon Reilly, Det. 50th Precinct
Shimicka Meadows, NYPD
Phillip Haynes, CW-Government Witness
Lt. Bello, NYPD, 49th Precinct Supervisor

       Defendants.
----------------------------------------------------------------X

Bivens Action; and
42 USCS section 1983
and 1988;

Jury Trial Demand

### INTRODUCTIONS

1. This action rises under Bivens v. Six Unknown Named Narcotics Agents of Federal Bureau of Investigation,

against Federal agents. This action is under the United States Constitution, and 42 USCS sections,1983, and 1988,

and the of the State of New York under supplemental jurisdiction. Plaintiff deprived of rights or privileges secured

to him by the Constitution of the United States.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------------------------

2. This action is against Federal and State, Police Officers, Investigators, Supervisors, Private Citizens, Fingerprint Lab Analysts of the City of New York, in the 49th and 50th Precincts who unlawfully cause the arrest, prosecution and imprisonment of Plaintiff, based on false, fabricated, inconsistent, irrelevant and erroneous documentary and testimonial evidence.

3. This action is also against the Federal and State supervising officers responsible for the conduct of the defendants and the commissioner's failure to take corrective action with respect to investigations, police personnel, to serve proper training and supervision or investigators and to implement meaningful procedures to discourage lawless in the 49th and 50th Precincts., as the employer of police personnel, investigators, and against Federal officers and supervisors.

JURISDICTION / VENUE

4. This is a "Bivens action" against Federal agents who violated the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteens Amendments to the United States Constitution.

5. This is an action against police officers, investigators, pursuant 42 USCS section 1983, and 1988.

6. The United States Supreme Court recognizes "Bivens actions" as a lawsuit in Federal Court.

7. This action is brought by the above-named individuals to recover damages and to declare unconstitutional deprivation of rights, privileges, or immunities.

8. The Plaintiff alleged that the Federal and State agents of the United States and the City of New York, deprived him of Constitutional rights, privileges, or immunities under the Constitution of the United States and the State of New York.

9. At all relevant times to this action, the Federal and State defendants acted intentionally to violate Plaintiff's Constitutional rights, privileges, or immunities under the Federal and State Constitutions.

10. At all relevant times to this action, the Federal and State defendants conspire to injure Plaintiff's Constitutional rights, privileges, or immunities.

11. This lawsuit is permitting Plaintiff to sue Federal and State government agents responsible for violating Plaintiff's Constitutional rights. They intentionally inflict injuries against Plaintiff.

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 2
DATE: 07/21/2019 07:19:49 PM

12. The defendants in the alleged Constitutional deprivation and the defendants' with actual knowledge of the violation, failed to remedy their wrong, and the defendants permitted the policy under which the unconstitutional practices were grossly negligent and in managing subordinates who caused the violations.

13. There is also complete diversity of citizenship between all Plaintiffs and all defendants in this matter. This Court has jurisdiction over this dispute by virtue of 28 USC section 1332. This Court also has jurisdiction under 28 USCS section 1346 of civil actions on claims against the United States for money damages caused by the negligent or wrongful act of omission of Government agents.

14. This Court has subject matter jurisdiction of the action under 28 USC section 1331, 1343(a)(3), (4); the claims asserted arise out of the Constitution and laws of the United States.

15. This Court may also exercise supplemental jurisdiction over the Plaintiff's state law claims that arise from the same facts and circumstances under 28 USC section 1367.

16. This case raises questions under the Constitution of the United States and 42 USC section 1983,1988, and the Court has jurisdiction over all claims for relief pursuant to 28 USC section 1331.

17. Venue is proper in this Court pursuant to 28 USC section 1391(b) because all defendants reside in the District. Venue is also proper in this Court because a substantial part of the events giving rise to the claims occurred in this district and approximate as Plaintiff faces potential injury within the Southern District of New York.

18. Plaintiff sustained pain and suffering of Federal and Sate agents, who intentionally, subject Plaintiff to the deprivation of rights, privileges, or immunities of the Constitution of the United States and the State of New York. Plaintiff suffered irreparable injuries, emotional distress, mental anguish, psychological trauma, humiliation, embarrassment, stress, damage to reputation, and loss of family relationship.

19. Plaintiff claims that his fundamentally established Constitutional rights to be free from unreasonable false arrest, illegal search and seizure, freedom from confinement, warrantless arrest, without probable cause or exigent circumstances, freedom from false or manufactured or fabricated evidence, freedom to speak, freedom from prosecution with false testimony, freedom to testify before a grand jury, freedom from prosecutorial misconduct, freedom to have exculpatory evidence that is favorable to him, freedom from the suppression of favorable evidence, freedom to have the understanding of the nature and cause of the accusation, freedom to confront witnesses against him, and to have compulsory process for obtaining witnesses in his favor, to have

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------------------------

the right to privacy, to have a right to a speedy trial, to be free from abuse of process, to be free from excessive

bail, to be free from cruel and unusual punishment, to be free from defected indictment, to the freedom of

charges never committed, to the freedom of a valid and reasonable affidavit, to the freedom of due process,

procedural and substantive process, to the freedom of life, liberty, or property with due process and equal

protection of the law, to be free from the abridgement of rights, privileges, or immunities as a citizen of the

United States, to be properly and reasonably investigated, to be free from the infringement of the laws, codes,

statutes, policies, customs, usages, rules, and regulations of the United States and the State of New York, to

have the effective assistance of counsel, freedom from an ineffective assistance of counsel, freedom from

abusive and discriminatory policies and practices, freedom from Federal and State employees' negligent,

reckless, racially biased, prejudiced, and discriminatory indifference to Plaintiff's serious Constitutional

guarantees. Plaintiff's deprivation of his life, liberty, and property with due process of law is objectively,

sufficiently serious. The Government knew of these Constitutional guarantees and intentionally disregarded

them, failing to provide Plaintiff of Constitutional guarantees, knowing that the evidence was false, fabricated,

inconsistent, or distorted documentary evidence and the false testimony was material which

affected the outcome of prosecution in the trial, resulting in a conviction, a denial of due process rendered

Constitutionally unfair, prejudicial impacted the fundamental fairness of the proceeding and failing to correct

their error or mistake, intentionally furthered an act of conspiracy, denied Plaintiff to a fair trial and violated

his Constitutional rights.

DEMAND FOR JURY TRIAL

20. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury in this action on all issues triable by a jury, and

42 U.C.S.S. Section 1981(a) ; 28 U.S.C.S. Section 3901(b).

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 3
DATE: 07/21/2019 07:27:48 PM

## PARTIES

21. Plaintiff is a resident of the State of New York and a citizen of the United States and a resident of the City of New York, County of Bronx.

## STATE AGENTS

22. Defendants Eric Rivera, 49th Precinct Detective; Vonnavowsky Sanchez, 49th Precinct Crime Scene Investigator; Christian Pires, NYPD Investigator Fingerprint Analyst; Lesroy Parry,NYPD 49th Precinct Detective Latent Print Examiner; James Nonnon, NYPD 49th Precinct Detective Reviewing Supervisor; Lt. Bello, Crime Scene Supervisor, 49th Precinct; John Baumeister, NYPD 47th Precinct Detective; Matthew Noftsier, NYPD 49th Precinct Detective; Arthur Connolly, NYPD Detective Investigator Latent PrintShield Number 4318; Marleen Scarry, NYPD Detective Crime Scene Unit; Brendon Reilly, NYPD 50th Precinct; Shimicka Meadows, NYPD; Joseph Laviano, NYPD Supervisor; David Revans, NYPD Case Investigator; Frank Cirminello, NYPD Responding Investigator; John Griffen, NYPD Detective Supervisor are police officers, supervisors, detectives, lieutenants, and investigators employed by the City of New York Police Department and perform duties in the City of New York and were assigned to the 47th, 49th, 50th, and other Police Precincts in the City of New York. These defendants were acting as the agents, servants, and employees of defendant City of New York.

23. Defendant City of New York is a municipal corporation within the State of New York, employed the above defendants in this action, and functioned under the umbrella of the State government. Therefore, the acts and policies of the police department are, in effect, the acts and policies of the City and County government.

## FEDERAL AGENTS

24. Defendants, DEA Agents and Investigators, Joseph Mercurio, Hector Pagan, Mike McGurk, Christian McNeal, Nicholas DeAmorin, Chris Owen, Billy Ralat, Rapheal Torres, and Gerald Ricciardi are Drug Enforcement Agents, Investigators, Supervisors and Sergeants employed by the United State Department of Justice Drug Enforcement Administration to perform duties in the United States, State of New York, and City of New York, and were assigned to the Drug Enforcement Administration for the City of New York as DEA Agents. These defendants were acting as agents, servants, and employees of defendant United States of America.

25. Defendants AUSAs of the Southern District of New York and appointed attorneys, Margaret Graham, AUSA; Jessica Fender, AUSA; Jared Lenow, AUSA; Jason Swergold, AUSA;

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
-------------------------------------------------------------------------------------------------

Elizabeth E. Macedonio, Defense Attorney; Louis M. Freeman, Defense Attorney; and Carla M. Sanderson,

Defense Attorney are Assistant United States Attorneys and Court appointed attorneys employed by the United

States Department of Justice to perform duties in the United States, State of New York, and City of New York

and were assigned to the Southern District of New York for the City of New York as AUSAs and defense attorneys.

These defendants were acting as attorneys and assistance of the District and employed the defendant United States

of America.

26. Defendant United States of America is a municipal corporation formed and organized under the Constitution,

employed the above defendants in this action and functioned under the umbrella of the Federal government,

US Department of Justice, Drug Enforcement Administration Agency. Therefore, the acts and policies of the Drug

Enforcement Administration (DEA) are, in fact, the acts and policies of the United States.

26. Plaintiff was denied fundamental established rights, privileges, and immunities, and was deprived of life,

liberty, and property, and was forced to answer criminal charges of the most heinous nature, that were based on

insufficient and false evidence.

27. In addition, Plaintiff was forced to undergo the mental anguish and strain of these proceedings and will bear

lasting and permanent mental scares of the ordeal.

28. The acts of the defendants were wanton, willful, unlawful, malicious, and vicious, without regard for the

system of justice in these United States.

STATEMENT OF FACTS

29. On the 16th of March, 2017, around 8AM, Plaintiff left his girlfriend's house to go warm his car up. While

sitting in the parked car, Plaintiff was lawfully operate a motor vehicle on Court Street, town of Elizabeth,

State of New Jersey. The Southern District of New York DEA Agents approached Plaintiff's vehicle with guns

pointed at him, pulled the door open, dragged him out of the car, threw him to the ground, dragged him away

from the car, kicked him, pulled his hands apart, and placed handcuffs tightly around his wrist causing him not

to breath properly.

30. Defendants had no legal basis for handcuffing Plaintiff and falsely accused him of a crime he did not

commit. The defendant did not produce a warrant, but did detain Plaintiff. Plaintiff did not consent to a search

of the vehicle.

31. Defendant's thoroughly searched the Plaintiff's person, vehicle, and effects and harassed him. These

searched failed to produce any contraband. The search was conducted with each of the defendants' approval,

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
------------------------------------------------------------------------------------------------

and while on the side of the road at the stated location in public.

32. All of these searches and seizures were conducted without a warrant and without probable cause. No reasonable basis existed for the actions taken against the Plaintiff. No exigent circumstances existed to justify the failure to obtain warrants prior to conducting the searches and seizure.

33. The searches and seizure of the Plaintiff were unreasonable, intrusive, and intended to harass and harm the Plaintiff.

34. The personal search and seizure conducted of the Plaintiff and illegal detention of the Plaintiff by the defendants constituted unreasonable and excessive force by the DEA agents.

35. All of the actions of the defendant were committed with the intention to restrain and confine the Plaintiff without his consent. The Plaintiff was at all times conscious of his confinement.

36. The arrest was not justified by probable cause or other legal privilege.

37. The Plaintiff was seized and transported to the DEA agency by DEA agents in Manhattan to be interrogated, questioned, and interviewed. As a result of Plaintiff's arrest he was transported to the Southern District of New York for fingerprint processing, and to be arraigned for charges he knew nothing about.

38. On the 16th day of March, 2017, the Government appointed an attorney Elizabeth E. Macedonio for Plaintiff and he was taken before a Magistrate Judge stating there should be no arraignment today. The attorney waived Plaintiff's rights without his consent for arraignment and consented to Plaintiff's detention at MDC Brooklyn, pre-trial.

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 4
DATE: 07/21/2019 07:32:00 PM

38. On the 20th day of March, 2017, Plaintiff was arraigned in the Southern District of New York for violation under

18 USCS Sections 1111;1201a; 1201c; 1951; 924c; 1512; et.al.

39. On the 13th day of October, 2017, a bail hearing was scheduled in the Southern District of New York, and the

Judge questioned Plaintiff's attorney that his detention was on consent. Plaintiff did not consent to his detention.

During the hearing, the prosecution introduced fabricated, inconsistent, and evidence that are irrelevant that has

the tendency to be non-factual, in violation of Federal Rules of Evidence Rule 401, 402, 403, 404, 901, and 902.

40. Plaintiff made several requests for a speedy trial, but was denied by his counsel and counsel filed many

inconsistent motions in bad faith.

41. On the 11th day of September, 2018 through to the 26th day of September, 2018, Plaintiff's trial was conducted

in the Southern District Federal Court and it was based on false, fabricated, evidence and testimony and documentary

evidence that was unfair, in bad faith, prejudiced and which mislead the jury to believe that Plaintiff was guilty of the

criminal charges against him, prejudiced and discriminatory bias against the Plaintiff.

42. The defendants abridged the Plaintiff's Constitutional rights in that:

43. The Police Officers, Investigators and Fingerprint Analysts, Agents, Servants, and Employees including

supervisors of the City of New York, acting in concert aided and abetted each other knowingly in conspiracy,

conducted improper investigations, tampered with evidence, fabricated direct evidence and introduced such

evidence to Federal authorities which was inconsistent information on an affidavit before a Judge to issue an

illegal warrant that triggered the arrest of the Plaintiff, causing his incarceration.

44. On the 24th day of January, 2015, City of New York police officers responded to a robbery at Robert Bishun's

Auto Body Shop located at 1631 Stillwell Avenue in Bronx, NY. The police officers and the Crime Scene Investigators

collected evidence at the crime scene including a T-shirt and a bag. Robert Bishun was robbed in his shop and on

Feb. 6, 2015, he took a Home Depot receipt for the purchase of 48 inch zip ties to the 49th Precinct. Defendant

Eric Rivera voucher receipt by Bronx ECT at the 49th Precinct. The City of New York 49th Precinct did not make

any arrest.

45. On the 20th day of September, 2016, City of New York police officers responded to a 911 call at Robert Bishun's

Auto Body Shop at 1631 Stillwell Avenue in Bronx, NY. When the police officer arrived at the shop, they were told

that Mr. Bishun and his car were missing. Police Officers located Mr. Bishun's car in the County of Bronx, City of

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

New York. They found Mr. Bishun in the back seat of his car, bound and strangled with a zip tie still around his neck.

46. On the 20th day of September, 2016, City of New York police officers responded to the scene. At the scene, the officers were unable to open the doors. They then broke all four windows of the car. Defendant John Baumeister climbed through the window of the car and saw the zip tie around Mr. Bishun's neck and hands bound behind his back. Then he cut the zip tie from around his neck with his bare hands. Then the paramedics climbed in through the window. Doors would still not open. The Fire Department came and cut the doors open. Mr. Bishun was then transported to the hospital where he was pronounced dead. Officers towed his car to the 49th Precinct.

47. On the 21st day of September, 2016, the New York City Police Department conducted a forensic investigation at the 49th Precinct garage. City of New York employees failed to conduct a proper investigation, from the location of the murder scene, from the auto body shop, from the automobile, and from Mr. Bishun. About a day later, forensic investigators failed to collect reliable evidence at a secure forensic location according to the and Laws of the State of New York and of the United States. They failed to follow proper procedure to secure, collect, and process evidence.

## STATEMENT OF CLAIMS

48. Plaintiff challenged the sufficiency of the evidence supporting the jury verdict that evidence was adduced at trial was insufficient to convict him. Viewing the evidence in the light most favorable to the Government, it is not supported by substantial evidence which is unreasonable that a finder of fact could not accept adequate support for a conclusion of guilt beyond a reasonable doubt, in violation of due process of law, prejudice Plaintiff.

49. Plaintiff claims the Government's misconduct infringed the jury's ability to make an informed and objective evaluation of the evidence presented, due to the ineffective assistance of counsel which occurred during the course of the proceedings violates due process of law.

50. Plaintiff claims the indictment is invalid on its face, vague and inconsistent within the meaning of the statute, failed to connect Plaintiff to the crime, was based on insufficient evidence, prejudicial jury testimony which the Government knew was false, fabricated, irrelevant, unreasonable, and unconstitutional, that the Government failed to correct, violated Constitutional rights and Federal rules of evidence.

51. Plaintiff claims that the Government's arguments or theories are inconsistent during the trial and were based on unsupported evidence, false testimony, hearsay, and erroneous information, statements, documentary evidence, that are not factual.

52. Plaintiff claims the Government violated its Constitutional duty to disclose material, exculpatory evidence, Brady material evidence that is favorable to the Plaintiff "accused" that is exculpatory or impeachment evidence.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
--------------------------------------------------------------------------------

The Government willfully or individually suppressed evidence and prejudice resulted from the suppression of material evidence.

53. Plaintiff claims that the evidence are material for Brady purposes that there is a reasonable probability that had evidence been disclosed to the defense or the jury, the result of the proceeding would have been different.

54. Plaintiff claims that the prosecution violated his due process by suppressing Brady material, confessional statements, information, testimony, or documentary evidence at his trial on a charge of murder and kidnapping in the course of attempted robbery.

55. After examination of extrajudicial statements from defense counsel of investigation reports, DEA 6, text messages of a confession from the actual murderer to the Government CI and City of New York Police Officer Merlin Alston, who was a part of the drug trafficking ring with the victim who was a cooperating witness against the Officer (who was sentenced to 20 years for drug trafficking), and Gabriel Guillen's's text message statement that he committed the actual homicide from the instruction of the NYPD officer Merlin Alston who ordered him dead. Federal investigation report DEA 6 reveals statements and information of the actual murderer that if the prosecution would have disclosed favorable evidence to the Plaintiff, or the jury, the result of the proceedings would have been different.

56. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the City of New York, Police Department and Crime Scene Investigation Unit, which was known to and ratified by defendants, commissioner.

57. Despite knowledge of these institutional practices, the defendants, commissioner at no time taken any effective action to prevent the City of New York, police personnel and investigation unit from continuing to engage in this type of misconduct.

58. Defendants, Commissioner, had prior notice of the vicious propensities of the above defendants, but took no steps to train them correct their abuse of authority, or to discourage their unlawful use of authority.

59. The failure of defendants, Commissioner, to properly train the above defendants, included the failure to instruct them in applicable provisions of the State penal law and the proper and prudent use of force.

60. Defendants, Commissioner, authorized, tolerated as institutionalize practices, and ratified the misconduct detailed above by:

a. Failing to properly discipline, restrict, and control employees, including the above defendants, known to be irresponsible in their dealings with citizens of the community.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
--------------------------------------------------------------------------------------------------------

b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including

the above defendants .

c. Failing to forward to the Office of the District Attorney, evidence of criminal acts committed by police
personnel.

d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing

with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power

and official denies calculated to mislead the public.

61. As a consequence of the abuse of authority detailed above, Plaintiff sustained the damages alleged.

STATE LAW THEORIES OF RECOVERY

62. The acts and conduct alleged constitute actionable torts under the laws of the State of New York, due to improper

investigation, corruption, tampering, of evidence submitted to Federal authorities, including the torts of:

a. False arrest and imprisonment, and investigation,

b. Knowingly submitted irrelevant evidence to Federal authorities without correcting it,

c. Malicious prosecution,

d. Abuse of process,

e. Negligence, and

f. Gross negligence

63. Plaintiff claims that the arrest was false, the imprisonment is unlawful and the search and seizure was

illegal with abusive prosecution that contain insufficient and irrelevant evidence with the tendency to be less

probable or less factual and testimonies that are racially biased, hearsay, unauthentic, or false which cannot

determine the facts, prejudiced him.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

----------------------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 5
DATE: 07/21/2019 07:35:43 PM

64. All of the actions of the defendant were committed with the intention to restrain and confine the Plaintiff without his consent.

65. All of the defendants acted, recklessly, with the intent of injuring and oppressing the Plaintiff, as a result of which the Plaintiff is entitled to an award of punitive damages.

66. The defendants, Federal and State, knew or should have known that their supervising authority or parties instructions to the Plaintiff would result in his arrest, imprisonment, and prosecution, that their actions were negligent, and false against Plaintiff.

67. The acts of the defendants that constitute deprivation of the Plaintiff's Constitutional and Civil rights, and the basis of the claims in this action include:

   a. Denial of Fourth and Fourteens Amendment rights:

      i.  By unlawfully, causing him unlawful detention and incarceration on serious charges that they knew or should have known were false;

      ii. By knowingly and willfully uttering false testimony at Plaintiff's trial that lead to Plaintiff's conviction;

      iii. By conspiring to suborn perjured police and witness testimony;

      iv. By knowingly, willfully, and wrongfully concealing information that would have assisted Plaintiff in his defense against serious criminal charges.

   b. Denial of Sixth and Fourteenth Amendment rights:

      i. By failing to timely disclose "Brady" material to Plaintiff's defense counsel;

      ii. By concealing discoverable information from defense counsel;

      iii. By permitting and encouraging known perjured testimony to be produced at the trial by prosecution.

68. As a result, solely of the acts of the defendants, Plaintiff was denied fundamental rights, was deprived of liberty, and was forced to answer criminal charges of the most heinous nature.

69. In addition, Plaintiff was forced to undergo the mental anguish and strain of these proceedings and  will bear lasting and permanent mental scars of the ordeal.

70. The acts of the defendants were wanton, willful, unlawful, malicious, and vicious, without regard for the system of justice.

THE 2016 MURDER/INVESTIGATION

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------------------

71. According to the fingerprint digital image that was obtained off the "Home Depot Bag", it is distorted, unclear, blurry, does not have any distinctive marks or clarity, not in accordance to federal rules of evidence 901 and 902, it fails to reveal identification elements, detailed characteristics, or patterns in comparison to Plaintiff's fingerprints that a reasonable person with reasonable capacity would have determined the latent print analysis or evaluator should have known that Plaintiff's fingerprint is not related to the print taken from the "Home Depot Bag" as can be seen from the laboratory digital image prints when comparing it to Plaintiff's digital image prints, violates the due process clause and other Constitutional guarantees to Plaintiff.

72. On the 24th day of January, 2015, City of New York Police Department police officers, detectives, supervisors, the investigators and/or the latent fingerprint laboratory examiners, evaluators, analysts, or the Department's forensic biologist at the Office of the Chief Medical Examiner who conducted DNA testing, serological examinations, latent fingerprint photo images on evidence collected from the robbery cannot find any probable cause or exigent circumstances to bring forth any criminal charges or arrest against Plaintiff in violation of the due process, search and seizure, and Constitutional guarantees secured to Plaintiff under the Federal and State Constitutions.

73. On the 20th day of September, 2016, Mr. Bishun (the victim of the January 24, 2015 robbery), in the same location was kidnapped and transported to another location and murdered in his parked car by strangulation with a zip tie around his neck and pressure to his back as stated by the City of New York investigative medical examiner who conducted the autopsy. The investigators, police officers, or supervisors found no DNA, video or material, or fingerprints or any other types of evidence that connected Plaintiff to the crime. They found evidence of a 12 inch zip tie, and fingerprints of NYC Police Officer John Barmeister in violation of the Constitution.

74. According to PO Sanchez information on report Evidence Collection Team, DD5 Complaint form #2015-049-00434 and run #15-295 stated in details under her reporting officer Eric Rivera and reviewing supervisor James Nonnon on assignment or Robert Bishun's robbery dated January 24, 2015 "did respond and did not process for prints as perpetrators did wear gloves. A tee shirt and bag may have been left behind by perpetrators were vouchered". As stated in the NYPD investigation report, Vonnavowsky Sanchez, POF, 183 was present at the scene of Bishun's robbery. She stated that no fingerprints were collected for processing but in the trial testimony and other information or statements to the Federal Government, she made false, fabricated, manufactured, irrelevant, unreasonable, and unconstitutional data that processed for fingerprints and found partial prints that were distorted belonging to Plaintiff, in violation of the due process clause and Constitutional guarantees not in accordance to Fed. R. Evd. Rule 401, 402, 403, 901, and 902.

THE FEDERAL INVESTIGATION/EVIDENCE/TRIAL

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------------------------

75. The Government DEA-6 form consists of detailed information of confession and text messages with direct information about who killed Mr. Bishun, which, if it were admitted as evidence would reveal Plaintiff's innocence. The DEA-6 form is a standard report of investigation conducted during the course of many drug traffickers arrest and throughout the dates of September 27, 2016 to after the murder of Mr. Bishun on January 30, 2017, as stated in the report. The report was made by Federal investigators Billy Ralat, Rapheal Torres, Federal DEA officials Christian McNeal, Joseph D. Mercurio, Mike McGurk, Supervising officials Chris Owens, Hector E. Pagan, and SDNY AUSAs Margaret Graham and Jessica Fender who witnessed the information statements that the Confidential Informant provided to them. Plaintiff claims that the above Federal employees aided and abetted each other in concert to intentionally conspire against Plaintiff, depriving him of due process and Constitutional guarantees. The Federal employees violated Federal laws committing crimes under title 18 USCS. Their actions were willful and personally involved to cause injuries against Plaintiff. They failed to prevent their act of conspiracy, prejudiced Plaintiff, and violated the Constitution and Federal laws of the United States. The withheld DEA-6 form report of investigation from the jury at trial. That if this evidence would have been given to the jury, the outcome of the proceedings would have been different, violates the due process clause.

76. Plaintiff claims that the DEA agent Joseph Mercurio, Mike McGurk, Hector Pagan, and Christian McNeal had an ongoing investigation in an initial debriefing with the Government CI dated October 4, 2016, on the DEA form 6. In the report the CI stated that G. Guillen, Tapia, Vasquez, Perez, M. Vasquez, and J. Calderon are members of a violent drug trafficking organization who are involved in the homicide of Robert Bishun. Also the Government investigators recovered two text messages sent to the CI from drug trafficker Gabriel Gullien's phone on October 24, 2016 and October 28, 2016 as stated in Spanish but translated into English "as we did to the guy in the garage we will do the same to this crazy guy Dago. I'm going to kidnap and give it to him" and the other "what happened at the garage is dead. They will never find out it was the cop who wanted to have him killed, so let's not speak about it anymore." Defendants' failure to conduct proper investigation deprived Plaintiff of due process, violating the Constitution.

77. The Government failed to introduce any testimony of a witness or eyewitness that saw the Plaintiff commit or participate in the commission of the crime; 18 USC section 3502, violated Article III of the Constitution.

78. Plaintiff learned from a Government investigation report, DEA-6 form of an extrajudicial confession and text messages from a CI of an accomplice that tried separately, admitting the actual homicide of Robert Bishun. The Government failed to introduce this evidence at trial, violating the Constitution.

79. On the 2nd day of August, 2016, Judge Denis Hurley entered Robert Bishun's cooperation agreement on the

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

----------------------------------------------------------------------------------------------------

record, but the Government fails to protect the agreement that triggers Mr. Bishun's death. A member of the drug

trafficking organization monitored Mr. Bishun's Pacer account and found that he was cooperating against the

trafficker. Mr. Bishun's docket sheet was sent to his wife and posted on social media. At some time during the

course when Mr. Bishun found that someone exposed his docket sheet which revealed that he was an employee for

the Federal Government, he became fearful, threatened, and was scared for his life. Mr. Bishun confronted the

Federal Government, DEA, or investigators and informed them about the danger he faced from the exposure. The

Government failed to protect Mr. Bishun's life causing him to life in fear with his family, but they sought out drug

traffickers and corrupt NYPD Officer Merlin Altson who was arrested as an employee of the drug trafficker

transporting drugs. Due to this information, the traffickers employees learned about Mr. Bishun's cooperating against

them. When the Government made several arrests against the drug traffickers, including NYPD Officer Merlin Altson

(which were based on Mr. Bishun's information), the drug trafficker killed Mr. Bishun. The Government should have

known that the information Mr. Bishun presented to them jeopardized his life, but the Government failed to protect

Mr. Bishun continuing to act in conspiracy to protect the City of New York and the Federal Government from shame

and embarrassment. That the Government's wrongful behavior and misconduct caused Plaintiff's conviction is a

violation of the Constitution. DEA investigators made a report on the DEA-6 form that a text message sent from

Gabriel Gillien, a drug trafficker who is NYPD Officer Merlin Altson's partner. The message sent to the DEA employee

CS ". . . they are never going to know that the cop order the murder, . . ." violates the due process clause.

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 6
DATE: 07/21/2019 07:38:45 PM

80. Plaintiff claims that the evidence was insufficient to connect him to the murder or prove intent. His First, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendment rights to speak and testify in open court was violated. Fingerprint evidence, the digital image that was erroneously admitted at trial was insufficient evidence to authenticate the accuracy of the image and the reliability of the machine that processed the fingerprint image taken from the bag is irrelevant as admission to evidence cannot satisfy by evidence sufficient to support a finding that the matter in question is what Plaintiff claims which is not in accordance with Fed. R. Evid. R. 901(a)(b)(4) that the internal patterns and other distinctive characteristics are mixed with several other prints on the bag and cannot establish authentication in violation of the Constitution.

81. Plaintiff claims that the State employee Lesroy Parry, the fingerprint analyst, conducted the testimony of the fingerprint at trial. His observation was based on irrelevant, inconsistent, distorted, non-factual, and unreliable evaluation and testing. He failed not to apply scientific knowledge, but to "technical" and "other specialized" knowledge failed to create sufficiency to develop a record in order to allow a determination of whether the District Court applied the relevant law caused an absence of specific findings in the record that permitted the Court to abuse its discretion in admitting such testimony that is not in compliance with Fed. R. Evid. 702 violates the Constitution because the crime scene investigation took place about two years earlier, when he was still inexperienced and lacked training.

82. Plaintiff claims that the evidence of the Home Depot video is unclear, inconsistent, and irrelevant. The facial image is not his identity purchasing the zip ties and that the DEA investigators should have recovered more images of the accomplice because Home Depot carries many cameras outdoors and indoors and in each row, and even where the zip ties are located and that there are many people's fingerprints on the zip ties bag due to people holding and touching the bags to examine or check the price or contents. Due to so many fingerprints on the bag causing distortion, unclearness to determine the accuracy of fingerprints, no reasonable fingerprint expert or evaluator, or image expert or machine technology can find a factual connection to connect Plaintiff to the crime, violated the Constitution and Fed. R. Evid. 401, 402, 403, 901, and 902.

83. Plaintiff claims that due to the Government's improper investigation conducted, they should have videos from Home Depot's interior and exterior location and of the robbery, kidnapping, and murder scene to identify the make and model, license plate or color of the vehicle in use of the accomplice. The video the AUSAs Jessica Fender, Jared

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
--------------------------------------------------------------------------------

Lenow, and Jason Swergold submitted into evidence are irrelevant, inconsistent, distorted, unclear in composition, textures and features, and cannot identify Plaintiff on the image, violates Constitutional due process and procedural and substantive rights and Fed. R. Evid. R. 401, 402, 403, 901, and 902.

84. Plaintiff claims that the Government submitted into evidence inconsistent or irrelevant witness testimony and documentary evidence that was based on insufficient facts or data which is a product of unreliable principles and methods. It failed to meet the requirements of expert scientific, technical, or other specialized knowledge to determine a fact in issue or to understand the factual evidence. The prosecutor introduced unqualified witnesses as an expert without knowledge, skill, experience, training, or education to testify before the jury. The witness failed to apply the principles and methods to the facts of the case. The evidence is irrelevant and has no tendency to make a fact and it does not demonstrate the facts to be proven, not in accordance to Fed. R. Evid. R. 401, 402, 403, 901, and 902, and violates the Constitution. AUSAs Jessica Fender, Jared Lenow, and Jason Swergold submitted into evidence 12" zip ties that were recovered from the murder scene dated on the 20th day of September, 2016, a Home Depot receipt dated January 10, 2015 of a 10-pack of 48" Heavy Duty Cable Ties, which is inconsistent with the evidence collection team on the 24th day of January, 2015 robbery scene and voucher by the City of New York Police Officer evidence Vonnavowsky Sanchez of the evidence collection team and approved by analyst Cristina Pires, as stated in the police laboratory report, "a bundle of grey duct tape with possible hair and fibers, white paper receipt from 'Home Depot' dated 1-10-15 for a 10 pack of 48 inch heavy duty cable ties, clear plastic bag ripped open empty for 'Commercial Electric' brand 48 inch heavy duty cable ties, quantity of 10". From this irrelevant evidence the prosecution used a video from Home Depot and the receipt found at the robbery scene and the Home Depot bag for fingerprints to connect Plaintiff to Mr. Bishun's murder dated September 20, 2016 to reach a conviction at trial. State employees Matthew Noftsier, Marleen Scarry, Arthur Connolly, and Shimicka Meadows made false, fabricated, inconsistent, irrelevant, manufactured, unreasonable, and unconstitutional testimony. Statements before the jury in violation of Federal and State Constitutions and the laws of the United States and the City of New York. The testimony and documentary evidence is inadmissible because it is the primary product of an unlawful act and because it was obtained by the exploitation of an unlawful act; 18 USCS 3504.

85. Federal Government conducted an improper investigation failing to be consistent with material evidence, charging evidence from Home Depot zip tie bag violates the United States Constitution.

86. Plaintiff claims that the Government introduced as evidence to the Court a manufactured, false, fabricated zip tie bag. This bag was never found during the Sate investigation of the robbery or the murder scene in violation of the United States Constitution.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
--------------------------------------------------------------------------------------------

87. Plaintiff claims that during his second bail hearing, the Government charged the evidence from a Home Depot bag to a zip tie bag on June 11, 2018 and stated that fingerprint identification on the zip tie bag belongs to the left thumb and left index finger of the Plaintiff. Plaintiff claims that this information is false, manufactured, fabricated, distorted, cannot be factual, irrelevant, and is inconsistent, unreasonable, and unconstitutional, not in accordance with Fed. R. Evid. 401, 402, 901, and 902, violates the United States Constitution under the due process clause, substantive and procedural process. During the robbery and murder investigation, there existed no zip tie bag or fingerprints belonging to Plaintiff or any video surveillance resembling Plaintiff.

88. Plaintiff claims that the Government produced the 12 inch zip ties that were used for the 2016 murder but the zip ties do not have any fingerprints from Plaintiff. They do have fingerprints State employee Det. John Baumeister, in violation of the Constitution.

89. Plaintiff claims the City of New York 49th Precinct Crime Scene Investigation Unit, Vonnavowsky Sanchez, Eric Rivera, Lesroy Parry, Cristina Pires, and James Nonnon, including police officers and supervisors collected and vouchered evidence, duct tape, receipt, plastic bag (Voucher #2000397038), zip tie, t-shirt (Voucher #2000397043), swab from "ends of tape", swab from "top and bottom edges of bag", on Robert Bishun's robbery dated January 24, 2015. The above evidence was sent to the Office of the Chief Medical Examiner of the City of New York Department of Forensic Biology on January 28, 2015 and February 5, 2015 for forensic DNA testing, fingerprint evaluation, and other testing. On the date of April 10, 2015, analyst Matthew Coffey, a criminalist and administrator Carde Meyers of the forensic biology laboratory revealed in their lab report #fb15-00698 that they detected no DNA or fingerprint samples for the above evidence tested that connects Plaintiff to Mr. Bishun's robbery, on the date of January 24, 2015. On the date of September 20, 2016, Mr. Bishun was found murdered in his car. On September 11, 2018 through September 26, 2018, AUSAs Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold submitted into evidence at Plaintiff's trial, the evidence of Mr. Bishun's 2015 robbery. The 2015 evidence recovered from the robbery and tested at the forensic laboratory did not connect Plaintiff to the robbery and the NYPD did not arrest Plaintiff. Plaintiff claims that evidence at his trial was insufficient, false, fabricated, irrelevant, manufactured, unreasonable, and unconstitutional. Plaintiff claims that the Federal employees conspired with State employees, aided and abetted each other in concert and collusion, acted recklessly in discrimination and prejudice, willfully and intentionally to inflict injuries to Plaintiff, deprive him of fundamentally established rights under the due process clause, secured by the Federal and State Constitutions and laws of the United States to life, liberty, property.

INEFFECTIVE ASSISTANCE

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B
-------------------------------------------------------------------------------------------

### SIXTH AMENDMENT VIOLATION: INEFFECTIVE ASSISTANCE OF COUNSEL

90. Plaintiff realleges each of the previous paragraphs as if fully set forth here. At all times relevant to this section, defense counsel's performance was deficient, and their deficient performance prejudiced the defense and at trial they made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment and attorney's conduct fell below an objective standard of reasonableness, that it was not reasonable under prevailing professional norms. But for counsel's unprofessional errors, the result of the proceeding would have been different under a reasonable probability, in violation of the Fifth and Sixth Amendments to the United States Constitution which guarantees Plaintiff a right to be effectively represented at all stages of the proceedings as it is the policy and practice of the individual defendants and of the United States unilaterally to impose restrictions on Plaintiff's freedom beyond those ordered by the Court.

91. At all times relevant to this action, defendants Elizabeth E. Macedonio, Louis M. Freeman, and Carla M. Sanderson are the attorneys-at-law admitted to practice before all the Courts of the Southern District Federal Courts of the United States and the State of New York as well as in other Courts. On the 16th day of March 2017 through the 11th day of September 2018, and to the end of the trial on the 26th day of September 2018, through to about December 2018, Plaintiff was represented by the above Court appointed counsel in all stages of the criminal proceedings including arraignment and trial, and the above defendants, in their normal course and scope of their duties and practice of their profession as attorneys, unreasonably, intentionally, willfully, arbitrarily, and capriciously interfered with Plaintiff's established fundamental Constitutional rights, privileges, or immunities under the due process clause, violated the Constitutional guarantees of the First, Fifth, and Sixth Amendments, rendering their assistance and representation ineffective.

92. The above defendants practice, performance, representation, and misconduct amounts to a miscarriage of justice, bias, and racial discrimination against Plaintiff. They knowingly, willfully, and intentionally acted in concert and conspiracy with the prosecutors Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold, investigators, and Federal and State employees, aided and abetted each other to deprive Plaintiff of a freely established fundamental right or privilege guaranteed by the Constitution and the laws of the United States of due process, the expectation of life, liberty, and property, and a reasonable expectation of privacy. The unprofessional errors and failures are as follows:

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 6a
DATE: 07/21/2019 07:42:28 PM

i. On March 16, 2017, Plaintiff was arrested and brought to arraignment. Counsel prevented Plaintiff's arraignment and subjected him to confinement;

ii. On March 20, 2017, counsel caused Plaintiff to be arraigned 96 hours after his arrest, which goes against Federal law which requires a 24-hour arraignment after arrest;

iii. On March 20, 2017, counsel waived Plaintiff's right to a preliminary hearing, when he requested a hearing as his right to confront a witness;

iv. On March 16, 2017 through to March 20, 2017, counsel failed to conduct a bail hearing, and on October 13, 2017 through to the present, counsel conducted unreasonable, inconsistent, and insufficient bail hearings not in accordance with the Eighth Amendment Constitutional guarantees;

v. Counsel failed to afford Plaintiff the right or privilege or opportunity to confront witnesses and present witnesses in his favor, and to understand the nature and cause of the arrest, but willfully deprived Plaintiff to appear and testify at preliminary hearings, at the grand jury, and during trial proceedings;

vi. Counsel failed to give Plaintiff professional or reasonable advice;

vii. Counsel failed to plan or prepare a strategy for the entire case and trial;

viii. Counsel tricked and misrepresented Plaintiff by making statements to him that they failed to follow through on;

ix. Counsel failed to accept Plaintiff's advice;

x. Counsel failed to investigate the case;

xi. Counsel failed to request a competency hearing or mental examination before trial;

xii. Counsel failed to challenge the arrest, search, seizure, confinement, affidavit, indictment, or evidence;

xiii. Counsel failed to conduct an evidentiary hearing;

xiv. Counsel failed to subpoena witnesses;

xv. Counsel failed to present mitigating evidence;

xvi. Counsel failed to disallow damaging evidence to be introduced;

xvii. Counsel failed to challenge testimonial or material evidence;

xviii. Counsel failed to call witnesses or present evidence;

xix. Counsel failed to raise speedy trial issues;

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

xx. Counsel failed to object to hearsay;

xxi. Counsel failed to object to prosecutor's statements;

xxii. Counsel failed to challenge the charges contained in the indictment;

xxiii. Counsel failed to object to prosecutorial misconduct;

xxiv. Counsel failed to call experts;

xxv. Counsel failed to reasonably impeach witnesses;

xxvi. Counsel withheld favorable evidence which was Brady material;

xxvii. Counsel withheld testimonial evidence from the investigators.

93. As a direct, proximate, and foreseeable result of the acts and conduct of defendants Elizabeth E. Macedonio, Louis M. Freeman, and Carla M. Sanderson, Plaintiff was injured in the course of the practice of their profession, was intimidated, interfered with, and hampered in the lawful practice of their profession.

94. The above defendants' actions, practice, representation, assistance, and performance was conducted under circumstances that violated the provisions of the Constitution cited above, and the conditions were wholly irrational, discriminatory, unreasonable, insidious, and outrageous, prejudiced the Plaintiff, and was (given the entire circumstances described above) of a nature that would shock the conscience of the civilized world.

THE FEDERAL AFFIDAVIT

Plaintiff realleges each of the previous paragraphs as if fully set forth here.

95. At all times relevant to this action, Plaintiff alleges that the evidence, information, investigative data, and knowledge resulted from the State and Federal investigations contained in the affidavits written by Federal employees Margaret Graham, Jessica Fender, and other agents that supported the arrest, imprisonment, and prosecution are illegal, inconsistent, irrelevant, false, and manufactured, and cannot connect Plaintiff to the instant charges or crimes within the statutes or codes under Federal laws.

96. This affidavit contains information of the actual compliance, therefore, Plaintiff's arrest, imprisonment, and prosecution are unlawful, illegal, unreasonable, and unconstitutional. That the charges contained in the indictment were based on a false affidavit renders the indictment invalid, null and void, and Plaintiff's imprisonment is illegal and the prosecution is a miscarriage of justice.

97. Plaintiff claims that there are no reasonable grounds to believe that the information contained in the affidavit are material to the investigation into the murder or kidnapping. That the public data, information, and the analysis of the law enforcement officers are not authentic, inconsistent, distorted, irrelevant, and

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

---------------------------------------------------------------------------------------

unconstitutional and failed to connect Plaintiff to the crime or probable cause.

98. Plaintiff claims that the Federal Government obtained fabricated, inconsistent, manufactured, distorted, improper, irrelevant, unreasonable, unconstitutional material evidence that the State actors could not find probable cause to arrest or convict Plaintiff, that the fingerprint on the "Home Depot bag" was distorted, inconsistent, irrelevant, unclear, and unconstitutional, and could not cause Plaintiff's arrest to the 2015 robbery and the 2015 fingerprint that was given to Federal investigators by phone call to the AUSA Jessica Fender cannot be used against Plaintiff due to the unconstitutional evidence obtains and cannot connect Plaintiff to the crime of robbery, kidnap, or murder. The State investigators and evidence collections on the crime scene were tampered with, it was weakened and changed its composition for worse from the interference of City of New York employees' reckless conduct, lack of proper investigation and renders the affidavit null and void, violating Constitutional guarantees and Fed. R. Evid. R. 401, 402, 403, 901 and 902. The Federal Government knowingly use State employees' 2015 robbery evidence of Robert Bishun, which is approximately 21 months old, on an affidavit for arrest, indictment, and conviction of Robert Bishun's 2016 kidnapping and murder in violation of due process and of other State and Federal Constitutional guarantees.

99. At all relevant times on the 23rd day of November 2016, AUSA Jessica Fender stated on the affidavit that Merlin Alston's "indictment was based in part on the testimony of two cooperating witnesses, Robert Bishun and CW-1." Merlin Alston, a corrupt NYPD officer was arrested by State employees and convicted in Federal Court for narcotics and firearms charges. His arrest was based on Robert Bishun's testimony. Robert Bishun was arrested on Federal charges on or about the 17th day of February 2012. During the course of his confinement he became a cooperating witness against the members of his drug trafficking organization including NYPD Officer Merlin Alston as stated in the DEA-6 Federal investigation form. Mr. Bishun was given a reduced sentence, and two weeks before Mr. Alston's trial, he was murdered. In the DEA-6 form is information for a text message that Merlin Alston ordered the killing of Mr. Bishun. Plaintiff claims that the DEA-6 form was withheld at trial in violation of due process.

100. At all relevant times to this action, Plaintiff claims that the prosecution AUSAs Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold introduced distorted, inconsistent, and irrelevant evidence before the Court of law without authentication not in accordance with Federal Rules of Evidence 401, 402, 403, 901, and 902, that the video surveillance from the Home Depot failed to identify Plaintiff to the purchasing of zip ties in violation of due process. They failed to produce the Home Depot bag, 48" zip ties, or the black t-shirt, as evidence at trial which violates the Constitution. In the 2015 robbery, the City of New York Police Officers claimed that Plaintiff's fingerprints were on a Home Depot bag, but they failed to question or arrest him. The Government failed to use

TRULINCS 69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

scientific technology to determine the actual person on the Home Depot video.

101. The affidavit deprived Plaintiff of a reasonable expectation of privacy, as a matter of Constitutional law.

Plaintiff is entitled to be free from unreasonable government intrusion, a right protected under the Fourth and

Fifth Amendments.

PROSECUTORIAL MISCONDUCT

Plaintiff realleges each of the previous paragraphs as if fully set forth here.

102. On the 16th day of March through the 11th day of September until the trial ended on the 26th day of September

2018 and through to the present, the Government established misconduct during the entire proceedings, prejudicing

Plaintiff. Their practice, performance, representation, and unprofessional errors renders a miscarriage of justice,

and abusive process resulted in unlawful arrest, illegal search and seizure, false imprisonment, malicious prosecution,

misrepresentation, and interference with Constitutional rights. Their practice and performance was based on false,

inconsistent, distorted, fabricated, or manufactured testimony and material evidence that was obtained from

State and Federal investigation units, employees, police officers, witnesses, and their supervisors which violates

the due process clause.

103. The prosecution team Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold acted in concert,

conspired with State and Federal employees including defense counsel, willfully, intentionally, and knowing used

false evidence, false testimony, inconsistent arguments, withheld Brady material, falsified affidavits, and the

evidence was materialized which affected the judgment of the jury, infected the trial with unfairness resulting in a

conviction, in denial of due process which rendered the trial Constitutionally unfair, prejudicial, and impacted the

fundamental fairness of the proceedings, that there was reasonable probability that the proceedings and the

outcome would have been different. The furtherance of their actions of conspiracy, not in accordance to Federal

law, changing their theory at trial, making arguments they knew were not factual and untrue, admitting false

evidence at trial based on witnesses' false testimony, producing an indictment based on insufficient evidence,

and they failed to cure their wrongs and prevent their conspiracy but allowed it to go uncorrected as it appeared

to obtain a conviction deprived Plaintiff of Constitutional guarantees.

104. Plaintiff claims that the Government failed to establish a prima facie case of selective prosecution, that,

while others similarly situation have not been proceeded against because of conduct of the type forming the

basis of the charge against him, he has been singled out for prosecution and that the Government's discriminatory

selection of him for prosecution has been insidious or in bad faith, based upon such impermissible considerations

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

as race, religion, or the desire to prevent his exercise of Constitutional rights.

105. In the interest of justice, the Government abused their discretion, willfully withheld favorable evidence before, during, and after the trial and due to the discovery of the evidence, prejudiced Plaintiff, failure to grant him a new trial pursuant to Federal Rules of Criminal Procedure that if the evidence were submitted before the jury the witness would have not demonstrated perjury and the outcome of the proceedings would have been different, but the prosecutors' vindictiveness, misconduct, and abusive process deprived Plaintiff of due process and rights, privileges, or immunities secure to him under the Constitution of the United States.

106. Plaintiff challenges conviction on the grounds that the indictment was based solely on hearsay evidence and for that reason should have been dismissed, upon the evidence of Government having no firsthand knowledge, in violation of the due process clause of the Fifth Amendment, which makes an indictment of a grand jury a prerequisite for a Federal trial for a capital or otherwise infamous crime. Plaintiff experienced an unfair verdict from the jury that resulted from an indictment that was based on hearsay, insufficient, distorted, irrelevant, false, fabricated, unreasonable, and manufactured

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

----------------------------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 6b
DATE: 07/21/2019 07:44:28 PM

testimony and material evidence. Prosecutors failed to call Plaintiff to testify and defense counsel failed to produce

him to testify when charges of the infamous nature were brought against him, prejudiced him, rendered the

indictment invalid on its face, on the grounds that the grand jury acted on the basis of inadequate or incompetent

evidence, and the jury's judgment was deficient on the basis of information obtained in violation of the Fifth

Amendment privileges renders the proceeding fundamentally abusive, which resulted from prosecutorial

misconduct.

107. As a direct, proximate, and foreseeable result of the acts and conduct of defendants AUSAs Margaret Graham,

Jessica Fender, Jared Lenow, and Jason Swergold, Plaintiff was injured in the course of their practice of their

profession, was intimidated, interfered with, and hampered in the lawful practice of their profession.

108. The above defendants' actions, practice, representation, assistance, and performance were conducted

under circumstances that violated the provisions of the Constitution cited above, and the conditions were wholly

irrational, discriminatory, unreasonable, insidious, and outrageous, prejudiced Plaintiff, and was (given the

entire circumstances described above) of a nature that would shock the conscience of the civilized world.

109. The acts and conduct of defendants was malicious and were intended to vex, harass, annoy, intimidate, and

infringe on the rights of Plaintiff.

110. Plaintiff has been damaged and injured by the acts and conduct of defendants and requests compensatory

damages of $10,000,000.00 for each defendant.

111. As a result of the malicious and intentional and deliberate acts and conduct of defendants, punitive damages

in the sum of $30,000,000.00 are requested.

112. The acts and conduct of defendants were acts and conduct under the color of Federal law and are sued in

their individual and official capacities as employees of the United States appointed counsel.

113. The acts and conduct set out in this complaint were done with the knowledge, permission, consent, and

participation of the above defendants in their course of office and employment.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 7
DATE: 07/21/2019 07:46:09 PM

PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court:

A. Assume jurisdiction of the case and set this case for a prompt hearing,

B. Enter judgment for preliminary and permanent injunctive relief prohibiting defendant from imprisoning Plaintiff,

C. Award reasonable attorney's fees and costs pursuant to 42 USC section 1988,

D. Enter any other award or relief that the Court finds justified under the circumstances,

E. A declaratory judgment that the policies, practices, and acts complained of in this complaint are illegal and unconstitutional,

F. A permanent injunction restraining the defendants, their agents, and employees from interfering in any manner with the free exercise of Constitutional rights by the Plaintiff, including exercise of these rights when living in the community,

G. Plaintiff sues for monetary damages against Federal officials in their official capacities for subjecting Plaintiff to physical violence, threats, or harassment, or conspiring with others to do so, and subjecting Plaintiff to illegal and unconstitutional arrest or detention or in any manner limiting his freedom of movement except on a legally issued warrant or circumstances under which a warrant is not necessary pursuant to the Fourth Amendment to the Constitution of the United States,

H. Compensatory damages for each individual Plaintiff in the amount of $100,000,000.00,

I. Expedited docket treatment to bring this case to trial at the earliest possible time,

J. Enter a judgment against defendants and in favor of Plaintiff for amount found due Plaintiff as a result of the emotional, mental, psychological, Constitutional, or physical injuries sustained, plus pre - and post - judgment interest as allowed by law,

K. Award Plaintiff his cost of suit,

L. Grant Plaintiff all other reliefs to which he may be entitled, including a preliminary and permanent injunctive relief prohibiting the Federal Government, BOP enforcement from imprisonment of Plaintiff,

M. Exemplary damages in the amount of $1,000,000.00, and

N. For an injunction requiring the defendant to return the seized property forthwith.

Date: _____

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------

FROM: 69026054
TO:
SUBJECT: Part 8
DATE: 07/20/2019 01:52:39 PM

IRREPARABLE INJURY

Plaintiff incorporates by reference paragraphs 1 through 100, as if fully set forth here.

Plaintiff has been severely and irreparably injured by the challenged Federal and State provisions that violate

the due process and equal protection clauses and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth

Federal Constitutional Amendments, as well as Article One, Section One, Six, Eight, Eleven, and Twelve of the

State Constitution. Plaintiff's injuries as a result of these discriminatory provisions include severe humiliation,

emotional distress, pain, suffering, psychological harm, mental anguish, Constitutional injuries, and defamation

of character.

TRULINCS  69026054 - PIZARRO, ROBERT - Unit: BRO-I-B

--------------------------------------------------------------------------------------------

Respectfully submitted,

_____

Robert Pizarro, Pro Se
Federal Registration # 69026-054
Metropolitan Detention Center Brooklyn
PO Box 329002
Brooklyn, NY 11232

Legal mail

Robert Pizarro
Federal Reg.NO: 69026-054
Metropolitan Detention Center Brooklyn
PO BOX 329002
Brooklyn.NY 11232

United States District Court

Pro Se Clarks Office
500 Pearl Street
New York.N.Y 10007









Legal mail