UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT PIZARRO,

        Plaintiff,

-against-

UNITED STATES OF AMERICA, INC., *et al.*,

        Defendants.

19-CV-6991 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983, alleging that Defendants violated his rights when agents from the United States Drug Enforcement Administration (DEA) arrested him, and Assistant United States Attorneys (AUSAs) from the Southern District of New York prosecuted him in this Court, in the matter of *United States v. Pizarro*, ECF 1:17-CR-0151-1, 370 (S.D.N.Y. Aug. 1, 2019). By order dated October 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses the complaint without prejudice, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action arises out of Plaintiff's arrest by DEA agents and his subsequent prosecution. He names as Defendants: the United States; the AUSAs who prosecuted him; a paralegal at the United States Attorney's Office (USAO); his criminal defense lawyers; DEA agents and investigators; the City of New York; officers at the New York City Police Department (NYPD Defendants); and a cooperating witness.

Plaintiff alleges the following: On January 24, 2015, NYPD officers responded to a robbery at Robert Bishun's auto body shop in the Bronx where they collected evidence including a shirt and a bag. On February 6, 2015, Bishun provided the NYPD's 49th Precinct with a Home Depot receipt for zip ties. On September 20, 2016, the NYPD responded to a missing person report regarding Bishun. On the same day, the assigned officers located Bishun's car, which also had been missing, where they found Bishun "in the back seat of his car, bound and strangled with a zip tie still around his neck." ECF No. 1, at 9. After authorities transported Bishun to a hospital, doctors pronounced him dead. The NYPD Defendants conducted a forensic investigation of Bishun's car but failed to follow proper procedures.

On March 16, 2017, in Elizabeth, New Jersey, New York DEA agents arrested Plaintiff while he was sitting in his vehicle. The agents searched Plaintiff's vehicle without a warrant.

Although they did not recover any contraband, they placed Plaintiff under arrest, transporting him to this District where he was detained and prosecuted.

During Plaintiff's prosecution, he learned that the actual murderer confessed to the confidential informant and to

> City of New York Police Officer Merlin Alston, who was a part of the drug trafficking ring with the victim who was a cooperating witness against the Officer (who was sentenced to 20 years for drug trafficking),[2] and Gabriel Guillen's . . . text message statement that he committed the actual homicide from the instruction of the NYPD officer Merlin Alston who ordered [Bishun] dead. Federal Investigation report DEA 6 reveals statements and information of the actual murderer that if the prosecution would have disclosed favorable evidence to the Plaintiff, or the jury, the result of the proceedings would have been different.

ECF No. 1, at 10. The NYPD Defendants, aware of "these institutional practices," failed to intervene and correct NYPD misconduct.

According to public records from Plaintiff's criminal case, on March 6, 2016, a grand jury in this Court voted to charge Plaintiff with conspiracy to commit kidnapping resulting in the death of Bishun, Hobbs Act robbery, and a firearm offense. ECF 1:15-CR-0151, 50. On March 15, 2017, Magistrate Judge Barbara Moses signed a warrant permitting a search of Plaintiff's vehicle. *Id.* at 9. That search produced a winter hat, mask, gloves, and a loaded firearm. *Id.* On November 22, 2017, Plaintiff's criminal defense lawyers, who are sued here, moved to suppress the property recovered from Plaintiff's vehicle, and on April 10, 2018, Judge Nathan denied the motion. ECF 1:15-CR-0151, 63.

At trial, Plaintiff's lawyers argued that Alston ordered Guillen to murder Bishun, and that the government failed to prove Plaintiff's guilt. ECF 1:17-CR-0151, 351.

---

[2] The undersigned presided over the matter of *United States v. Alston*, ECF 1:15-CR-0435, 145, in which a jury convicted Alston of narcotics and firearm offenses.

On August 1, 2019, the Clerk of this Court entered Plaintiff's judgment of conviction, in which a jury convicted him on all counts. ECF 1:15-CR-0151, 370. Judge Nathan sentenced him to life imprisonment plus 14 years, a mandatory sentence. *Id.* On August 5, 2019, the Clerk of this Court processed Plaintiff's appeal, which is pending in the Court of Appeals. ECF 1:17-CR-0151, 371.

Plaintiff now brings claims of false arrest, unreasonable search, and malicious prosecution, claiming that federal prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963). He also brings claims against his criminal defense lawyers, arising out of their representation of him, and against a confidential informant, who testified against Plaintiff at his criminal trial. Relatedly, Plaintiff asserts that based on the flawed NYPD investigation, DEA agents unfairly targeted him, and that based on the federal prosecutors' numerous *Brady* violations, the jury wrongly convicted him of kidnapping and murdering Bishun.

Plaintiff, who was a resident of the Bronx before his detention at the Metropolitan Detention Center in Brooklyn, invokes this Court's federal question and diversity of citizenship jurisdiction. He seeks money damages.

## DISCUSSION

**A.    Sovereign Immunity**

Sovereign immunity generally bars federal courts from hearing suits against the federal government, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The plaintiff bears the burden to show that Congress waived sovereign immunity with respect to the claims. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Here, Plaintiff has not invoked any basis for abrogating the immunity of the United States. The Court therefore dismisses all claims brought against the United States. *See* 28 U.S.C. § 1915(e)(B)(iii).

4

B.  **Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Moreover, "officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts." *Butz v. Economou*, 438 U.S. 478, 515 (1978).

Here, Plaintiff's claims against AUSAs Margaret Graham, Jessica Fender, Jared Lenow, and Jason Swergold, as well as Hanna Harney, a paralegal in the USAO's office, are based on actions within the scope of their official duties and associated with the judicial phase of the criminal process. Therefore, these claims are dismissed because they seek monetary relief against defendants who are immune from suit and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

C.  **Witness Immunity**

Plaintiff brings claims against a government witness, possibly related to his testimony at trial. But grand jury and trial court witnesses are absolutely immune from liability for damages

for their testimony, even if their testimony was false. *Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Coggins v. Buonora*, 776 F.3d 108, 113-14 (2d Cir. 2015); *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 254 (2d Cir. 1984). The Court therefore dismisses any claims brought against Phillip Haynes, arising out of his testimony, as he is absolutely immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.     Private actors**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Here, Plaintiff names as defendants his court-appointed lawyers, that is, Elizabeth Macedonia, Louis Freeman, and Carla Sanderson. But these individuals are private parties who do not work for any state or other government body; their court-appointment does not convert

their conduct into state action. As they are not state actors, Plaintiff has not stated a claim against them under § 1983. Accordingly, the Court dismisses the § 1983 claims brought against them for failure to state a claim showing that Plaintiff is entitled to relief.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Claims arising out of federal arrest**

Plaintiff asserts *Bivens* claims of false arrest and unreasonable search, arising out of his arrest and search by DEA agents.[4] But these claims are barred under *Heck v. Humphrey*, because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and sentence. 512 U.S. 477, 487 (1994).

When a plaintiff brings a Fourth Amendment claim,

> the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Id.* at 487.

For these reasons, a plaintiff cannot seek damages for the injury of being convicted and incarcerated unless the conviction has been "reversed on direct appeal, expunged by executive

---

[3] Plaintiff invokes the diversity statute as a basis for this Court's exercising jurisdiction over any state-law claims, such as legal malpractice. But the parties are not diverse, as Plaintiff states that before his incarceration, he was a resident of the Bronx. *See Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (prisoner-plaintiff retains preincarceration domicile for purposes of diversity of citizenship analysis). Accordingly, the Court does not have diversity jurisdiction over any state-law claims.

[4] In *Bivens*, the Supreme Court implied a damages remedy against federal employees in the context of a false arrest and unreasonable search and seizure under the Fourth Amendment. 403 U.S. at 397.

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.*

In rare cases, a plaintiff may still recover damages for a Fourth Amendment violation even if a conviction has not been overturned. A suit for damages for an unreasonable search may proceed even if the challenged search produced evidence introduced at trial that resulted in a plaintiff's conviction. *Id.* at 487, n.7. Evidence obtained in violation of a defendant's Fourth Amendment rights can sometimes be introduced at a criminal trial – for example, if such evidence inevitably would have been discovered or was also discovered from an independent source. *Id.*

But in such cases, a plaintiff must also prove "not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* at 487, n.7; *see also Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.").

Here, Plaintiff challenges his arrest and search. To prevail, he would need to show that (1) the arrest warrant was invalid; (2) the property obtained from the search was not entered as evidence at trial, or if it was, that it would have been otherwise discovered; *and* (3) he suffered an injury separate from his prosecution and incarceration.

First, Plaintiff does not assert any facts suggesting that the DEA agents violated the Fourth Amendment when they arrested him and searched his vehicle. Second, even if he could

show that the DEA agents violated the Fourth Amendment during the arrest and search, if the evidence recovered during the search was used at trial and could not otherwise have been discovered, his claims are barred under *Heck*. Third, even if the search was unreasonable and the evidence was not introduced at trial or could have been otherwise discovered, Plaintiff does not state that he suffered any injuries other than his being prosecuted and convicted. His claims are therefore barred under *Heck*, and to the extent that they are not barred under *Heck*, he fails to state a Fourth Amendment claim. Thus, the Court dismisses Plaintiff's claims against Joseph Mercurio, Gerald Ricciardi, Hector Pagan, Mike McGurk, Christian McNeal, Nicholas DeAmorin, Chris Owen, Billy Ralat, and Raphael Torres for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### F. Claims against the NYPD Defendants

Plaintiff brings claims against the NYPD Defendants based on their involvement in the investigation of Plaintiff and their alleged sanctioning of police misconduct, including Alston's alleged involvement in the Bishun murder. These claims, however, also are barred under *Heck*. If the Court were to find in Plaintiff's favor, the validity of Plaintiff's conviction would be implied. A finding that the NYPD Defendants knew of and permitted Alston to direct the murder of Bishun, and that another individual carried out that order, necessarily implies that Plaintiff is innocent. The Court therefore dismisses all claims against the NYPD Defendants under *Heck*.

### G. Leave to replead

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that leave to replead would be futile, the Court grants Plaintiff 30 days' leave to replead his Fourth Amendment claims.

H.  **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 5, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge